Ruffin, C. J.
 

 The judgment cannot be supported.— The Act of Assembly directs the bond to be made payable to the plaintiff in the execution, and for that reason, if no other, there could not be a summary judgment on this bond. But, if that were otherwise, clearly Williams cannot have a judgment in his name on a bond payable to White, though White be therein stated to be his agent; for only an obligee can maintain an action on the obligation. It is true, the debtor cannot, after failing to appear,
 
 *615
 
 adduce any matter of fact by way of defence. But that is not material to the present question ; which is, whether the party, who moves for the judgment, shows a case oil which he is entitled to judgment against the defaulting debtor. The case may be likened to a default in an ac' tion of debt, in which the declaration states a bond to A., without deriving any title from A. to the plaintiff; upon which, certainly, it would be erroneous to give judgment against the defendant, though in default. Here the creditor’s own case — the bond, upon its face — showed that Williams could not have judgment on it in any form of proceeding — whether by action or motion. The de* fault admits the whole case stated in the declaration, in the one case, or in the bond, in the other. But it admits no more, and does not authorise a judgment on the bond in favor of any person but the obligee. The judgment was therefore erroneous and must be reversed, and that of the County Court allowed to stand. The County Court ought not, ■ perhaps, to have cancelled the bond. But if that were erroneous, it did not concern the present appellant, as he had no interest in the bond, in a legal sense, and had no right to appeal.
 

 Per Curiam. Judgment reversed.